IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00169-MR-WCM

| | |
|---|---|
| MARCIA BALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| HENDERSON COUNTY DSS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's letter, which the Court construes as both a motion for the appointment of counsel and a motion to appear [Doc. 6].

The Plaintiff initiated this action on June 29, 2021. [Doc. 1]. Along with her Complaint, the Plaintiff moved to proceed without the prepayment of fees and costs. [Doc. 2]. On July 19, 2021, the Court entered an Order, concluding that the Complaint was subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 3 at 4]. The Court further found that the Plaintiff had adequate resources with which to pay the required filing fee. [Id. at 5]. The Court gave the Plaintiff thirty (30) days to pay the required filing fee and to file an amended complaint addressing the deficiencies identified in the Court's Order. [Id. at 5-6]. The Plaintiff was

specifically warned that failure to file an amended complaint or to pay the required filing fee would result in the dismissal of this action without prejudice. [Id.].

On August 12, 2021, the Clerk of Court received the required filing fee from the Plaintiff. The Plaintiff, however, failed to amend her Complaint within the time required. Accordingly, on August 27, 2021, the Court entered an Order dismissing the Plaintiff's Complaint without prejudice. [Doc. 4].

On September 24, 2021, the Plaintiff filed the present letter asking for the appointment of counsel to represent her and "to help [her] complete [her] complaint." [Doc. 6 at 1]. She also requests permission to "appear in person before [the Court] in any matter pertaining to [her]." [Id.].

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a civil litigant must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel, and therefore, her motion is denied.

As for the Plaintiff's request that she be allowed to appear personally before the Court, there is nothing currently pending in this matter that would

require a hearing. This matter has been dismissed without prejudice. Accordingly, the Plaintiff's request to be allowed to appear personally before the Court is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's letter, which the Court construes as both a motion for the appointment of counsel and a motion to appear [Doc. 6], is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed: September 27, 2021

Martin Reidinger
Chief United States District Judge